■ MICHAEL CARDILLO, Appellant, v. AMERICAN TELEPHONE & TELEGRAPH COMPANY, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals from an order of the Supreme Court, Westchester County, entered February 17, 1965, which denied his motion for leave to serve a supplemental bill of particulars. Order reversed, without costs, and motion granted, with leave to defendant, if so advised, to move within 20 days after entry of the order hereon for a further physical examination of plaintiff with respect to the injury set forth in the proposed supplemental bill of particulars, and for a further oral pretrial examination of plaintiff, limited to such injury and special damages resulting therefrom. The proposed supplemental bill of particulars contained in the record on appeal will be deemed plaintiff's supplemental bill of particulars. In our opinion, the circumstances of this case warrant the exercise of discretion in the manner indicated. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ CAROL F. DELSENER, Appellant, v. DAN J. LEONARD, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County, entered August 27, 1965, as opened defendant's default in answering and granted leave to serve his answer. The order also directed that the judgment theretofore entered on default and the undertaking of a corporate surety theretofore filed should "stand as security pending the trial". Order modified by adding the provision that as a further condition to the opening of the default defendant shall pay to the plaintiff $100 costs. As so modified, order, insofar as appealed from, affirmed, without costs. The times for such payment and to answer are extended until 20 days after entry of the order hereon. Under all the circumstances, it is our opinion that the additional costs should have been awarded in the proper exercise of discretion. Beldock, P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.